IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAALEE D. FAJRI,

                      Plaintiff,

                                                CIVIL ACTION
vs.                                        No. 03-3202-SAC

CORRECTIONS CORPORATION OF AMERICA, et al.,

                      Defendants.

**MEMORANDUM AND ORDER**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed while plaintiff was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).[1]

Plaintiff alleges violations of his constitutional rights during his temporary confinement in a facility operated by the Corrections Corporation of America (CCA) in Leavenworth, Kansas. Plaintiff claims a report prepared by CCA staff and submitted for consideration during plaintiff's sentencing in federal court[2] contained false information. Plaintiff contends the CCA report falsely stated that he was assaultive to staff and other inmates, and that his ex-girlfriend (Lane) had reported plaintiff's behavior as threatening. Plaintiff states he prevailed in showing the sentencing court this information was not accurate because no

---

[1] The record discloses that plaintiff was subsequently released from custody.

[2] See U.S. v. Fajri, Case No. 02-20065-KHV.

enhanced sentence resulted. He further contends this false information was provided in retaliation for plaintiff's filing of an unsuccessful insurance claim with CCA's insurer to recover damages for an inmate assault. On these allegations plaintiff seeks damages from CCA and staff, CCA's insurance carrier (CIGNA Insurance Corp.), and plaintiff's former girlfriend (Janice Lane). Plaintiff later amended his complaint to voluntarily dismiss CIGNA Insurance as a defendant.

Plaintiff cites 28 U.S.C. § 1331 and 42 U.S.C. §§ 1981, 1982, 1983, 1985 sections (2) and (3), 1986, and 1988 as jurisdiction for his claims.[3] Because plaintiff alleged the violation of his rights during his confinement in the CCA facility pursuant to a CCA contract with the United States Marshal Service, the court liberally construed the complaint as a <u>Bivens</u> action. *See* <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)(recognizing a cause of action in federal court upon a showing that a federal agent acting under color of such authority violated some cognizable constitutional right of the plaintiff). The district court judge originally assigned to this matter reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be dismissed, finding: (1) no claim for relief was stated against plaintiff's former girlfriend because she was not

---

[3]Plaintiff also cites 42 U.S.C. §§ 1343 and 1391, which the court liberally construes as citations to 28 U.S.C. § 1343 (establishing original jurisdiction for civil actions seeking relief under Chapter 42), and 28 U.S.C. § 1391 (addressing venue for civil actions).

a person not acting under color of federal law; (2) no private right of action existed under <u>Bivens</u> against CCA pursuant to <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61 (2001); (3) plaintiff's state tort claims of defamation and negligence presented no claim of constitutional significance for seeking relief under <u>Bivens</u>; (4) claims against CCA staff for their alleged conspiracy to present false information to the sentencing court were barred by immunity; and (5) plaintiff's bare and conclusory claim of retaliation is wholly insufficient to show a nexus between the information in the CCA report and plaintiff's filing of an insurance claim.  The court also denied plaintiff's motion for leave to amend the complaint to: (1) allege defendants unlawfully discriminated against him as a physical and mentally handicapped prisoner, (2) allege frivolous allegations of being denied due process and equal protection, and (3) add the Solicitor General as a defendant.[4]

The court also found plaintiff's claims for declaratory and injunctive relief were rendered moot by plaintiff's transfer from the CCA facility, and advised plaintiff that any claim concerning the medical attention provided after his transfer from the CCA facility to USPLVN was not at issue in this action.

In response, plaintiff objects to the court's characterization of this action as seeking relief under <u>Bivens</u>, and continues to

---

[4]The court further found no cognizable claim of deliberate indifference to plaintiff's medical needs had been stated, and found plaintiff's proposed allegations of being denied due process and under "42 U.S.C. 1983 in conjunction with 1981, 1985 and 1986" had no legal basis in fact or law.

refer to his action as brought under 42 U.S.C. § 1983.[5] However,"[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Because plaintiff's allegations clearly include no person "acting under color of state law," no claim is stated upon which relief can be granted under § 1983.

To the extent plaintiff argues his complaint should not be construed as a Bivens action because the court would have no subject matter jurisdiction to proceed in such an action, this argument is defeated by the Tenth Circuit's opinion in Peoples v. CCA Detention Centers, 422 F.3d 1090 (10th Cir. 2005)(*Peoples III*)(district courts had subject matter jurisdiction to consider Bivens claims against CCA and CCA staff members), *affirmed in part,* 449 F.3d 1097 (10th Cir. 2006)(*en banc*)(*Peoples IV*).[6]  Nonetheless, plaintiff's claims for damages remains subject to being dismissed by the reasons already stated by the previously assigned district court judge.

Namely, notwithstanding plaintiff's broad claim of an encompassing conspiracy, Lane did not act under color of federal or

---

[5] Plaintiff also continues to cite other sections of Chapter 42 as jurisdiction for his claims, with no factual or legal basis for seeking such relief.

[6] Plaintiff cites a district court's dismissal of a Bivens action for lack of subject matter jurisdiction, Peoples v. CCA Detention Center, 2004 WL 74317 (D.Kan. Jan. 15, 2004)(*Peoples I*). The Tenth Circuit's decisions in *Peoples III* and *Peoples IV* reversed this holding.

state law for the purpose of stating a for relief under <u>Bivens</u> or 42 U.S.C. § 1983.   Plaintiff's claim for damages against CCA is clearly barred by <u>Malesko</u> wherein the Supreme Court found no implied private right of action for damages against private entities engaged in alleged constitutional violations while acting under color of federal law.  To the extent plaintiff seeks damages on allegations of defamation and negligence by CCA staff in compiling a report with false information, these state tort claims present no claim of constitutional significance for seeking relief under <u>Bivens</u>.  And the individual CCA defendants should be dismissed because plaintiff's allegations state no claim for relief,[7] even if a cause of action against these defendants could be assumed.[8]

---

[7] As indicated by the district court judge first assigned to this case, defendants' preparation of a document for consideration by the court is protected by immunity against damages. *See* <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983)(witness entitled to absolute immunity for allegedly perjurious testimony in criminal trial); <u>Tripati v. U.S.I.N.S.</u>, 784 F.2d 345 (10th Cir. 1986)(absolute immunity for preparation of pre-sentence report), *cert. denied*, 484 U.S. 1028 (1988).

Additionally, plaintiff mis-characterizes the sentencing court's action as a judicial finding that the information in the CCA report was false.   To the contrary, plaintiff documents a probation officer's review of plaintiff's alleged assaultive behavior at CCA and threats to Lane, and that officer's report to the court which states in part that plaintiff had in fact engaged in disruptive, assaultive, and inappropriate behavior. Nonetheless, the probation officer found no basis to change the pre-sentence report recommendation that plaintiff receive an offense level reduction for acceptance of responsibility for the instant offense of conviction.

[8] *See Peoples II*, 2004 WL 2278667 at *7 (district court assumed subject matter jurisdiction to consider <u>Bivens</u> claims against employees of a private prison, and  dismissed claims as failing to state a claim upon which relief can be granted), *affirmed by equally divided court in Peoples IV*, 449 F.3d at 1099 (*en banc*).

Plaintiff's motion to further amend the complaint to add USPLVN defendants and claims arising upon plaintiff's transfer to USPLVN is denied.[9]  Any such amendment would be futile.[10]  *See* Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)(refusing leave to amend is justified if amendment would cause undue delay or undue prejudice to the opposing party, be offered in bad faith or under a dilatory motive, fail to cure deficiencies by amendments previously allowed, or be futile).  Additionally, plaintiff was previously admonished that USPLVN claims and defendants would not be considered in this lawsuit, and plaintiff may not resort to amending a complaint to avoid the filing fee requirement that would be required for filing a second complaint on these new and separate claims.

Accordingly, for the reasons cited herein in and in the show

---

[9] Plaintiff also recently filed a pleading titled as "Constructive Notice of Action Pursuant [to] Freedom of Information Act" (Doc. 30).

[10] Plaintiff broadly alleges that USPLVN officials conspired with CCA defendants to effect plaintiff's transfer to USPLVN, rather than to a medical facility as recommended by the sentencing court, as punishment and retaliation for plaintiff's filing of an insurance claim against CCA.  There is no factual support in the record for this conclusory claim.

Moreover, plaintiff has no constitutional right to be incarcerated in any particular facility. *See* Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  Nor is a sentencing court's recommendation binding on the Bureau of Prisons (BOP). Decisions regarding classification and designation of inmates to a particular prison facility or program are vested within the BOP. *See* 18 U.S.C. § 3621(b).  Although "any statement by the court that imposed sentence ··· recommending a type of penal or correctional facility as appropriate ····" is to be considered in selecting a suitable facility, 18 U.S.C. § 3621(b)(4)(B), the final decision as to the prisoner's placement rests with the BOP. U.S. v. Lazo-Herrera, 927 F.Supp. 1472, 1472-73 (D.Kan. 1996)(citations omitted).

cause order previously entered in this matter, the court finds all claims against the remaining defendants should be dismissed. Plaintiff's motion to voluntarily withdraw his motions for emergency injunctive relief is granted.  Plaintiff's motion for appointment of counsel is denied as moot.

IT IS THEREFORE ORDERED that plaintiff's motion to amend the complaint (Doc. 22) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to withdraw (Doc. 32) his motions for emergency injunctive relief (Docs. 23 and 26) is granted.

IT IS FURTHER ORDERED that the amended complaint is dismissed as stating no claim for relief, and that plaintiff's motion for appointment of counsel (Doc. 29) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 20th day of February 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge